**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**WILLIAM F. KING, JR.**                                                                                         **PLAINTIFF**

**VERSUS**                                                               **CIVIL ACTION NO. 2:04CV303-P-B**

**CITY OF SOUTHAVEN, MISSISSIPPI,
SOUTHAVEN POLICE DEPARTMENT,
MAYOR GREG DAVIS, INDIVIDUALLY
AND AS MAYOR, CHIEF THOMAS LONG,
INDIVIDIUALLY AND AS CHIEF OF POLICE,
ASSISTANT CHIEF D.C. PIRTLE, INDIVIDUALLY
AND AS ASSISTANT CHIEF OF POLICE,
RICHARD CHANDLER, OFFICER, NICHOLAS
KENNEDY, OFFICE, WILLIAM CUNNINGHAM,
OFFICER, BRAD CHISM, OFFICER, AND BEN
BYNUM, OFFICER**                                                                                                 **DEFENDANTS**

**ORDER**

This cause is before the Court on the defendants' Motion in Limine [48]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendants seek the exclusion of several types of evidence at the trial of this matter. First, they request the entry of an order prohibiting the plaintiff and his lay witnesses from diagnosing any alleged medical or medically-related conditions of plaintiff, including diagnoses of rib or nose fractures and alleged hearing loss on grounds that neither plaintiffs nor his lay witnesses are possess the necessary medical expertise to testify as to these matters. The Court finds this aspect of the defendants' motion well-taken.

Defendants also seek to preclude plaintiff from offering any evidence of lost wages–past, present or future on grounds that the evidence does not support such an award. Plaintiff failed to respond to this aspect of defendants' motion, a fact which this Court construes as a concession of the issue.

As a final matter, defendants request that exclusion of a certain medical bill for services rendered by Dr. Colvin on grounds that plaintiff has not shown that the charges are related to the incident which forms the basis of the lawsuit and because the medical bill is not itemized, and ergo, nonhelpful to the jury. In view of the fact that defendants failed to tender a copy of the bill in question and because the plaintiff could well cure the asserted deficiencies prior to the close of discovery in this matter, the Court finds the defendants' motion premature in this regard. Accordingly, this aspect of the defendants' motion is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' Motion in Limine [48] should be, and hereby is, GRANTED IN PART and DENIED IN PART, as set forth above.

SO ORDERED, this the 7th day of September, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE