**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**WILLIAM F. KING, JR.**                                                                                          **PLAINTIFF**

**VERSUS**                                                                              **CIVIL ACTION NO. 2:04CV303-P-B**

**CITY OF SOUTHAVEN, MISSISSIPPI,
SOUTHAVEN POLICE DEPARTMENT,
MAYOR GREG DAVIS, INDIVIDUALLY
AND AS MAYOR, CHIEF THOMAS LONG,
INDIVIDIUALLY AND AS CHIEF OF POLICE,
ASSISTANT CHIEF D.C. PIRTLE, INDIVIDUALLY
AND AS ASSISTANT CHIEF OF POLICE,
RICHARD CHANDLER, OFFICER, NICHOLAS
KENNEDY, OFFICE, WILLIAM CUNNINGHAM,
OFFICER, BRAD CHISM, OFFICER, AND BEN
BYNUM, OFFICER**                                                                                               **DEFENDANTS**

## ORDER

This cause is before the Court on the plaintiff's Motion in Limine [49]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff seeks the entry of an order prohibiting defendants from inquiring into his criminal history on grounds that it would prejudice the jury against him to an undue degree. The only convictions at issue in this case are the plaintiff's three DUI convictions. Federal Rule Evidence 609(a) provides in pertinent part:

For the purpose of attacking the credibility of a witness,

  (1) evidence that a witness . . . has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . .; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement regardless of the punishment.

F.R.E. 609(a).

King's first and second DUI offenses are misdemeanor offenses and do not qualify for consideration under F.R.E. 609(a)(1), nor can they be considered crimes of dishonesty for purposes of 609(a)(2). Accordingly, the defendants cannot offer evidence of those convictions for purposes of impeaching the plaintiff's credibility as a witness.

However, King's third DUI offense presents a wholly different matter. A third offense DUI is a felony, Mississippi Code Annotated, § 63-11-30. Accordingly, this third conviction is properly admitted under 609(a)(1), absent a showing by plaintiff of undue prejudice under F.R.E. 403. Inasmuch as plaintiff's arrest for the third offense is the incident giving rise to the civil rights violation claimed in this lawsuit, it is part and parcel of the relevant facts and cannot be excised from the proof in this matter without doing violence to a proper chronology of events. Defendants will, therefore, be permitted to inquire into plaintiff's third DUI conviction.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion in Limine [49] should be, and hereby is, GRANTED IN PART and DENIED IN PART, as set forth above.

SO ORDERED, this the 7th day of September, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE